JOHN L. BURRIS ESQ., SBN 69888
BEN NISENBAUM, ESQ., SBN 222173
K. CHIKE ODIWE, ESQ., SBN 315109
BRANDON YEE, ESQ., SBN 344583
**BURRIS, NISENBAUM, CURRY AND LACY**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
chike.odiwe@johnburrislaw.com
brandon.yee@johnburrislaw.com

Attorneys for Plaintiffs
KISANA CARROLL and T.R.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISANA CARROLL, an individual; and T.R., a minor by GAL Kisana Carroll,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | No. 2:23-cv-00194 DAD DB<br><br>**STIPULATED PROTECTIVE ORDER** |

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal; and that Eastern District Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

**2.1     Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, house counsel and outside counsel (and their support staff).

**2.2     Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery by any Party in this matter.

**2.3     Confidential Information or Items**: information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges. This material includes, but is not limited to, medical and psychotherapeutic records; as well as peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and other similar confidential records designated as such.

**2.4** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

**2.5** **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulation and Order pursuant to section 6.2(b) (infra), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

**2.6** **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.7** **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and Protective Order.)

**2.8** **Outside Counsel**: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

**2.9** **House Counsel**: attorneys who are employees of a Party (as well as their support staffs).

**2.10** **Counsel (without qualifier)**: Outside Counsel and House Counsel (as well as their support staffs).

**2.11** **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

**2.12** **Professional Vendors**: persons or entities that provide litigation support services

(e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material/Confidential Documents (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall not be governed by this Order, and may be governed by a separate agreement or order.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of:

**(1)**   dismissal of all claims and defenses in this action, with or without prejudice; and

**(2)**   final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

**5.1  Exercise of Restraint and Care in Designating Material for Protection.** Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2  Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

**(a)  for information in documentary form** (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

**(b)** **for testimony given in deposition or in other pretrial or trial proceedings**, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this Stipulation and Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the Producing Party.

**(c)** **for information produced in some form other than documentary and for any other tangible items (including but not limited to information produced on disc or electronic data storage device)**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

**5.3** **Inadvertent Failures to Designate.** If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order.

**5.4** **Alteration of Confidentiality Stamp**. A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulation and Order. However, nothing in this section shall be construed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 6, *infra*.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention.**

If the Parties cannot resolve a challenge without court intervention, the Challenging Party

1  shall file and serve a motion to remove confidentiality under Eastern District Local Rule 230 and
2  251 (and in compliance with Eastern District Local Rules 141 and 141.1, if applicable) within 14
3  days of the parties agreeing that the meet and confer process will not resolve their dispute, or by
4  the first day of trial of this matter, whichever date is earlier, unless the parties agree in writing to a
5  longer time.  Each such motion must be accompanied by a competent declaration affirming that the
6  movant has complied with the meet and confer requirements imposed in the preceding paragraph.
7  In addition, the Challenging Party may file a motion challenging a confidentiality designation at
8  any time if there is good cause for doing so, including a challenge to the designation of a deposition
9  transcript or any portions thereof.  Any motion brought pursuant to this provision must be
10 accompanied by a competent declaration affirming that the movant has complied with the meet and
11 confer requirements imposed by the preceding paragraph.

12 The burden of persuasion in any such challenge proceeding shall be on the Designating
13 Party, regardless of whether the Designating Party is the moving party or whether such Party sought
14 or opposes judicial intervention.  Frivolous challenges, and those made for an improper purpose
15 (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the
16 Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality
17 designation by failing to oppose a motion to remove confidentiality as described above, all parties
18 shall continue to afford the material in question the level of protection to which it is entitled under
19 the Producing Party's designation until the court rules on the challenge.

20 **6.4.  Withdrawal of "CONFIDENTIAL" Designation.**  At its discretion, a
21 Designating Party may remove Protected Material/Confidential Documents from some or all of the
22 protections and provisions of this Stipulation and Order at any time by any of the following
23 methods:

24 **(a)  Express Written Withdrawal.**  A Designating Party may withdraw a
25 "CONFIDENTIAL" designation made to any specified Protected Material/Confidential
26 Documents from some or all of the protections of this Stipulation and Order by an express
27 withdrawal in a writing signed by such Party (or such Party's Counsel, but not including staff of
28 such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously

designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this Stipulation and Order. Such express withdrawal shall be effective when transmitted or served upon the Receiving Party. If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order;

**(b)** **Express Withdrawal on the Record.** A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to any of the provisions of this Stipulation and Order. A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulation and Order by this method;

**(c)** **Implicit Withdrawal by Publication or Failure to Oppose Challenge.** A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents. Nothing in this Stipulation and Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles.** A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2  Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)**  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

**(b)**  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(c)**  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(d)**  the court and its personnel;

**(e)**  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(f)**  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and/or

**(g)** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**(a)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**(c)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**(a)** The terms of this Order are applicable to information produced by a Non-Party in

1 this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**(b)** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**(1)** promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**(2)** promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**(3)** make the information requested available for inspection by the Non-Party.

**(c)** If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.** <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    PUBLICATION OF PROTECTED MATERIAL**

**12.1    Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2    Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3.    Filing of Protected Material.** Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Eastern District Local Rule 141 and/or 141.1, to the extent applicable. 12.2. Public Dissemination of Protected Material. A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and Order; nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted

under section 12.1 regarding filings with the court in this action and under seal).

**12.4.   Public Dissemination of Protected Material.**  A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and Order; nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 12.1 regarding filings with the court in this action and under seal).

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" including all copies, abstracts, compilations, summaries and any other format reproducing or capturing of the Protected Material.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 9, 2023

**BURRIS, NISENBAUM, CURRY, AND LACY**

By:. /s/ *Kenneth Chike Odiwe*
JOHN BURRIS
BEN NISENBAUM
KENNETH CHIKE ODIWE
BRANDON YEE
Attorneys for Plaintiffs
KISANA CARROLL and T.R.

Dated: June 9. 2023

**OFFICE OF THE CITY ATTORNEY**

By:*/s/ *Noah Blechman*
NOAH BLECHMAN
Attorney(s) for Defendants
CITY OF STOCKTON

Under Eastern District of California Civil Local Rule 131(e), I attest that I obtained concurrence in the filing of this document from all of the above signatories.

Dated: June 9, 2023

                        **BURRIS, NISENBAUM, CURRY AND LACY**

                        By:.  /s/ *Kenneth Chike Odiwe*
                             KENNETH CHIKE ODIWE
                             BRANDON YEE
                             Attorney for Plaintiffs
                             KISANA CARROLL and T.R.

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

      6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

      7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

      8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: June 20, 2023        /s/ DEBORAH BARNES  
                                             UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of Carroll et al v. City of Stockton et al; 2:23-cv-00194-DAD-DB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____