UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISANA CARROLL, an individual; and T.R., a minor, by GAL Tonya Lieda Gippson,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF STOCKTON, a municipal corporation; CHRISTOPHER KNIGHT, individually and in his official capacity as an officer for the Stockton Police Department; NICHOLAS FOGAL, individually and in his official capacity as an officer for the Stockton Police Department; MATTHEW GARLICK, individually and in his official capacity as an officer for the Stockton Police Department; THOMAS GILES, individually and in his official capacity as an officer for the Stockton Police Department; and DOES 1-50, inclusive, individually, jointly, and severally,,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00194 DAD-SCR<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO RE-OPEN PLAINTIFF KISANA CARROLL'S DEPOSITION** |

Defendants CITY OF STOCKTON, CHRISTOPHER KNIGHT, NICHOLAS FOGAL, MATTHEW GARLICK and THOMAS GILES ("Defendants") Motion to Re-Open Plaintiff Kisana Carroll's Deposition, came before this Court for hearing on May 1, 2025. Good cause having been shown and after full consideration of the moving papers, supporting documents, the opposing papers, and after full consideration of all oral arguments made, if any, this Court GRANTS IN PART the Defendants' Motion. The Court hereby allows the Defendants to re-open Plaintiff Kisana Carroll's deposition for the limited time not to exceed two (2) hours and to question her on her claims and damages in light of the newly produced medical records, bills, damages in the instant case in light of damages claimed in her recently-filed lawsuit (Case No. 2:25-cv-00719 CKD), and the impact of her autoimmune condition on her claimed damages in the instant lawsuit, among related issues.

## I. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 30(d)(1) states: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

A party must obtain leave of the court if "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Whether to permit a second deposition lies in the court's discretion. *Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 690 (D. Kan. 1996); *Bookhamer v. Sunbeam Prods*., 2012 U.S. Dist. LEXIS 151010 at *2 (N.D. Cal. Oct. 19, 2012) ("Whether to re-open a deposition lies within the court's discretion.").

Without a showing of need or good reason, courts generally will not require a deponent's reopened deposition. *Dixon*, 164 F.R.D. at 690. Reopened depositions are disfavored, except in certain limited circumstances, such as where there is new evidence or new theories are added to the complaint. *See Graebner v. James River Corp*., 130 F.R.D. 440, 441 (N.D. Cal. 1990); *Botell v. United States,* Case No. 2:11-cv-1545 GEB GGH, 2013 U.S. Dist. LEXIS 12075, 2013 WL 360410, at *8 (E.D. Cal. Jan. 29, 2013) (collecting cases); *Cohan v. Provident Life & Accident Ins. Co.*,

2014 U.S. Dist. LEXIS 118925, *5 (D. Nev. Aug. 26, 2014) (finding good cause for an additional three hours of plaintiff's deposition due to recent document production).

## II. DISCUSSION

The Court agrees that good cause exists to reopen Plaintiff's deposition based on the medical information disclosed after Plaintiff's initial deposition and in order to distinguish between damages claimed in the instant lawsuit and damages claimed in Plaintiff's recently-filed lawsuit (Case No. 2:25-cv-00719 CKD). Moreover, since Plaintiff's original deposition consisted of only 3.7 hours, Defendants have not exceeded the per-deposition time requirement. As such, the Court determines there is good cause to briefly re-open Plaintiff's deposition.

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Re-Open Plaintiff Kisana Carroll's deposition is GRANTED IN PART. Defendants may depose Ms. Carroll for up to two additional hours.[1] The reopened deposition shall be limited to subjects concerning the new medical information disclosed by Ms. Carroll after her original deposition, damages in the instant case in light of damages claimed in her recently-filed lawsuit (Case No. 2:25-cv-00719 CKD), and the impact of her autoimmune condition on her claimed damages in the instant lawsuit. Defendants may not use this reopened deposition to question Ms. Carroll on the merits of her recently-filed lawsuit.

**IT IS SO ORDERED**

DATED: May 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned recognizes that the parties have stipulated to a modification of the scheduling order that would allow fact discovery to remain open until May 23, 2025.